IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PHILLIP THANE OLSON, JR., #361-083 | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. GLR-12-1545 |
| THE CITY OF HAGERSTOWN POLICE DEPARTMENT, | * | |
| THE CITY OF HAGERSTOWN FIRE DEPT., | * | |
| OFFICER DUFFEY, | | |
| OFFICER RIZER, | * | |
| OFFICER MILLER, | | |
| OFFICER DEAN, and | * | |
| SGT. LONG | | |
| | * | |
| Defendants | | |

***

**<u>MEMORANDUM</u>**

The above-captioned case was filed on May 23, 2012, together with a Motion to Proceed in Forma Pauperis.  Because he appears indigent, Plaintiff's Motion will be granted.  The Complaint must be dismissed.

Plaintiff, a self-represented prisoner at Maryland Correctional Institution Jessup, asserts that on May 12, 2009, the Hagerstown Police Department was called to his apartment for an alleged noise complaint. Police called the Fire Department in order to have Plaintiff's door broken open.  Plaintiff alleges there was no fire and no exigent circumstances existed to permit entry into his home without a search warrant.  He claims police officers came into his apartment where he was washing dishes and, when he turned around, shot him in the face and chest with tasers.  He states he was then charged with resisting arrest.  He concludes that Hagerstown Police violated his Fourth, Fifth, and Fourteenth Amendment rights.  Plaintiff states that he wants to file a civil suit as well as criminal charges against the officers involved in the incident. ECF No. 1 at

p. 3.  Plaintiff indicates in his Complaint that he has appealed his criminal conviction and it remains pending with the Maryland Court of Special Appeals.  Id. at p. 2.

To the extent that Plaintiff seeks to file a civil action for damages or other relief, his claim is premature.  In Heck v. Humphrey, the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and that complaints containing such claims must, therefore, be dismissed without prejudice.  512 U. S. 477, 487 (1994).  Put another way, Plaintiff's claims for damages cannot be entertained by this Court unless he has first successfully challenged his criminal conviction.  In the event his conviction is overturned, he may re-file a constitutional claim for damages at that time.

To the extent that the criminal case against Plaintiff remains pending on appeal, the Court may not entertain claims which may affect the validity of an ongoing state criminal prosecution.  This court must abstain from interference with pending state litigation.  Id. (citing Younger v. Harris, 375 U.S. 411 (1964)).  Additionally, as a private citizen, Plaintiff cannot initiate criminal charges against anyone.  Nor, is he permitted to seek an order from this Court requiring the appropriate authority to bring criminal charges against another.  As an alleged crime victim, Plaintiff has no constitutional right to insist on criminal prosecution.  Sattler v. Johnson, 857 F.2d 224 (4th Cir.1988); see also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution).

For the reasons stated herein, this case will be dismissed by separate order of even date.

June 7, 2012                                                                                          /s/
                                                                                       George Levi Russell, III
United States District Judge